**GOVERNMENT OF GUAM, Appellee**

**v.**

**JESUS TIAJERON GUTIERREZ and MARIA MANILISAY GUTIERREZ, Appellants**

Civil No. 11-A

District Court of Guam

Appellate Division

April 2, 1959

| | |
|---|---|
| *Counsel for Appellee:* | ROBERT B. LOOBY, *Deputy Island Attorney* |
| *Counsel for Appellants:* | TURNER, BARRETT & FERENZ (WALTER S. FERENZ of counsel) |

Before GILMARTIN, *United States Judge*, District Court of Guam; FURBER, *Chief Justice*, High Court of the Trust Territory of the Pacific Islands and PEREZ, *Judge*, Island Court of Guam

PER CURIAM

OPINION

This case turns upon the proper construction and application of Section 315 of the Code of Civil Procedure of Guam. The appellants claim that the action of unlawful detainer brought by the Government of Guam here is barred by the ten year limitation in that Section.

It is clear that the land in question did not become the property of the Government of Guam until after the adoption of the Organic Act of Guam, which was approved August 1, 1950, and pursuant to the terms of which the Government of Guam acquired title. Before that, the land was owned by the United States and we hold that the limitation imposed by Section 315 of the Code of Civil Procedure could not and did not run against the United States. See *Oaksmith v. Johnston*, 92 U.S. 343, 23 L.Ed. 682 (1875); *Morrow v. Whitney*, 95 U.S. 551, 24 L.Ed. 456 (1877); *Sparks v. Pierce*, 115 U.S. 408, 6 S.Ct. 102, 29 L.Ed. 428 (1885).

We are furthermore of the opinion that Section 315 must be construed in conjunction with Section 326 of the Code of Civil Procedure which provides that where the

tenant is holding over under a written lease which has expired, his possession shall not be considered adverse ". . . until the expiration of five years from the termination of the tenancy." In this instance, the lease expired, by its terms, June 6, 1944. Under Section 326, however, the tenant's possession did not become adverse until June 7, 1949. From the record in this case, there is nothing to indicate the appellants ever rescinded or repudiated, or purported to do so, by any positive action, their landlord-tenant relationship with the United States.

We therefore hold that the ten year limitation of Section 315 did not begin to run until June 7, 1949 and that the action, being brought on December 10, 1954, was clearly within this ten year period.

The judgment of the Island Court in favor of the appellee is hereby affirmed.